## AUERS v. PHILLIPS PETROLEUM CO. et al.

### No. 887.

District Court, N. D. Texas, Wichita Falls Division.

Dec. 3, 1938.

Bonner, King, Dawson & Jones, of Wichita Falls, Tex., for plaintiff.

T. L. Dyer, of Austin, Tex., and Tom D. Lumpkin and E. H. Foster, both of Amarillo, Tex., for defendant.

ATWELL, District Judge.

After the issue is made, the defendant moves to dismiss on the ground that the plaintiff is seeking to recover for the transfer of a "shooting permit" which is a "security" within the meaning of the Texas securities statute. It also claims its right to such a judgment because the plaintiff alleges that the defendant orally agreed to assign to him one thirty-second of an overriding royalty in oil to be taken out of the premises in question until such royalty equaled seven and one-half percent of the purchase price.

Testimony has been offered by witnesses Hornaby, Dickson and Eastman, tending to show that a "shooting permit" is the permission of the owner of the premises to test the ground of such premises; such testing being by working the land with a seismograph. Ordinarily, nothing is paid for such permits, though such permits have been sold and usually bring $1 per hole. The permit is usually oral. Sometimes an option is taken to "shoot" a whole ranch.

Sometimes those who are learned in such tests are invited to "shoot" without charge. Such permits' value depends upon the knowledge of the area.

The pleadings indicate that the tract upon which the plaintiff secured the right to "shoot" contained 860 acres, was owned by Griffin, and under lease by Boeler.

The plaintiff claims compensation for his services by reason of an alleged employment by the defendant to secure a "shooting permit" on the land from Boeler and Griffin, and, to, also, keep the defendant advised as to the quotations for a lease thereon, etc.

■ The plaintiff admits that he is not a qualified nor registered dealer in securities as outlined and required by the Texas Securities Act, article 600a, Vernon's Ann. Civ.St., and article 1083a, Vernon's Ann.P. C.

Defendant contends that since the Act defines its applicability to any instrument giving an interest in, or, under an oil and gas lease, fee or title, that it applies to so-called "shooting permits."

The act is highly penal. It creates a new criminal offense and requires the prosecution of one who engages in the sale or transfer of a security without registration and license.

The pleadings indicate, and the facts seem to be, that the defendant wanted to test out the 860 acres, and for some reason decided that it was better to have the permission, so to do, to be secured by the plaintiff. It must be acknowledged that the plaintiff was acting for the defendant in the securing of the right, but it would be a long stretch of the words of the statute, and a forced construction, to say that they cover such a transaction. When a new crime is carved, or when the government makes a new regulation excursion into the field of business, the act of the lawmaking body which evidences such departure must be so plain as to notify the ordinary citizen of the move. It is difficult to conclude that a license to "shoot" a certain field— not to mine it—not to have any right to take anything therefrom—but merely to test it out, to hunt for marks of mineral value, is a security.

■ As to the second ground, it must be conceded that royalty is realty, and under the statute of frauds of Texas, Vernon's Ann.Civ.St.Tex. art. 3995, subd. 4, such transfers may not be oral.

But one of the well recognized exceptions in Texas is that where two persons enter into a venture and they orally agree among themselves that one shall have, as a result of his efforts, a certain interest in the realty to be recovered or secured, the arrangement is valid and not in contravention of the statute.

■ Defendant had no part in the royalty at the time it and the plaintiff entered into the contract. In the event the plaintiff could secure the right to "shoot" the land, and in the event the land disclosed a potential value, and in the event a lease was subsequently made by defendant, then, in that event, defendant agreed to give to plaintiff an assignment to one thirty-second of the oil until the value thereof equaled seven and one-half percent of the purchase price of the lease. Such an agreement was outside the statute of frauds.

The application of the defendant is denied.